Judge Buckner
delivered the opinion qf the Court.
1st April, 1827, Nancy Tevis instituted an action of assumpsit, in the Madison circuit court, against George Brown, as administrator pf the estate of William Brown, deceased. The declaration contains three counts.
The 1st alleges thatsai'd William and Jesse Tevis were, on the-day of -- partners, in the wool-carding and cotton-spinning business, and trading under the style and firm of Brown and Tevis, and that, during the existence of the partnership, the defendant’s intestate became indebted to the plaintiff, in the sum of ■$262, for so much money, before that time loaned by plaintiff to said firm, and being so indebted, promised to pay, &c.
The second and third counts are for money loaned to the defendant’s intestate, for his use, and for money by him had and received, for the use of plaintiff.
The general issue, and the statute of limitations were plead, and a verdict and judgment were obtained for the plaintiff.
The partnership, during the years 1819, 20 and 21, was proved; and Jesse Tevis, in’19 or’20, acknowledged that he had borrowed from plaintiff, between $250 and $300, to purchase cards with, which money was made use of by the firm. Within Jess *176 than five years, before the commencement of the suit, he acknowledged that the firm owed this money to the plaintiff, and that they would pay it. Ifwas also proved that, within the same period, Jesse, and defendant’s intestate, had both acknowledged, that they owed the plaintiff about §2G0.
The defendant then offered to read to the jury, the last, will and testament of Nathaniel Tevis, de~ ceased, and the order of the county court of Madison, upon the qualification of Nancy Tevis and Jesse Tevis, as executor and executrix thereto, offering, at the same time, parol testimony, to show that Jesse Tevis, as co-executor, had collected the money in contest, as debts due to the estate of his testator, Nathaniel Tevis, deceased; and that it was made use of as his portion of the funds to be furnished in said firm. The plaintiff objected to the reading of the will and order aforesaid, but the court overruled the objection, and they were readas evidence.
The will contains a devise, by which the whole estate of the testator, real and personal, belonged to the plaintiff, “during her life Or widowhood,” except a mare and twenty dollars, devised to Jesse Tevis. After the death or marriage of the plaintiff^ the property, by the will, was given to the children of the 1 estator.
The defendant, Brown, then introduced several witnesses, who stated that they had heard the plaintiff, on oath, on the trial of a warrant between Nancy Tevis and Brown, and Tevis acknowledged that the money in controversy in this cause, had been collected by Jesse Tevis, as co-executor of the will of Nathaniel Tevis, deceased, and that it was made use of, as she understood, by Jesse, for the firm aforesaid, and that she claimed nothing of them except for money so collected and used.
The defendant, o.n this testimony, moved the court to instruct the jury, that if they believed from the testimony, that the money sued for, had been collected* by Jesse Tevis, as co-executor of the will of Nathaniel Tevis, and made use of, in the firm, they must find for the defendant. The plaintiff objected *177 but the court gave the instruction. A motion for a new trial made by plaintiff, was overruled, to which án exception was taken, and also to the refusal by the court to give several instructions asked for by plaintiff, which it is deemed unnecessary to notice.- •
The assignment of errors impeaches the correctness of the opinions of the court, in permitting the testimony objected to, to go to the jury, in giving the instruction moved for by defendant, and refusing to give those asked for by the plaintiff, and she prosecutes this writ of error, with supersedeas to reverse the judgment.
• The suit was prosecuted by plaintiff/not as executrix or devisee, .but in her individual capacity, upon a promise alleged to have been made to her upon a valid consideration. As executrix, she cóuld not have maintained this, action against a co-executor, for money collected of the defendants, due to the estate of their testator. It is not necessary to determine, whether, without a promise on the part of the defendants, she could have recovered in this form of action. The case under the testimony, assumes a very different attitude. Under the will, she was at least equitably entitled to the money, until the occurrence of the event, upon which the children were to have it, unless necessary to be retained for the payment of debts. The proof conduced to show that money collected by Jesse Tevis, as her co-executor, and to which she was thus equitably entitled, had been used by him and his partner, (the defendant’s testator,) to purchase cards for the factory of the firm, and that in.consideration thereof, each member of the firm had made an acknowledgement of the debt, one of them, referring at the time of the acknowledgement* to the consideration. If the money had been paid over by Jesse, when collected, to the plaintiff, would she not be protected by the law, under the will, in retaining it for her own use, unless demanded by creditors? It cannot be doubted. If then,, the money was used by the firm, can it be rationally contended that a promise made by them to pay it to plaintiff, as money loaned, should be considered as invalid? We think it eannofc
Goodloe, for 'plaintiff; 'Turner,'Breck and Caper(onf for defendant.
We aie-of opinion, therefore, that the court beloVr erred in giving the instruction moved for bj the defendant. ■
■The judgment must be reversed, arid the cause remanded for a new trial.